AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

**FILED**

FEB 2 0 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
 )
MONIES, FUNDS AND FINANCIAL INSTRUMENTS ) Case No. 25-mj-125-MTS
CREDITED TO J.P. MORGAN BANK, ACCOUNT NO. )
595971279, Including Interest, Dividends and Credits )

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Northern___ District of ___Oklahoma___ is subject to forfeiture to the United States of America under ___18___ U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) *(describe the property)*:

MONIES, FUNDS AND FINANCIAL INSTRUMENTS CREDITED TO J.P. MORGAN BANK, ACCOUNT NO. 595971279, Including Interest, Dividends and Credits.

The application is based on these facts:
See attached supporting affidavit of USSS SA Jessica Horvath.

☑ Continued on the attached sheet.

*Jessica Horvath*
*Applicant's signature*

SA Jessica Horvath, USSS
*Printed name and title*

Sworn to me by phone.

Date: ~~02/14/2025~~ 2-20-2025 /MTS

City and state: Tulsa, Oklahoma

*Judge's signature*

MARK T. STEELE U.S. Magistrate Judge
*Printed name and title*

## NORTHERN DISTRICT OF OKLAHOMA
## TULSA, OKLAHOMA

STATE OF OKLAHOMA       )
                        ) .ss
TULSA, OKLAHOMA         )

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Jessica Nicole Horvath, hereby depose and state under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

### I. INTRODUCTION

1. I make this affidavit in support of an application for seizure warrant for the following property:

   a. any and all funds up to $23,440.44 maintained in the J.P. Morgan Chase Bank suspense account, formerly held in the J.P. Morgan Chase Bank account with account number 595971279 in the name of Katrina Dawn Ashley Gratton ("TARGET ACCOUNT").

2. I am a Special Agent with the United States Secret Service ("USSS" or "Secret Service") and have been so employed since January 2024. During my tenure with the Secret Service, I have been assigned to investigate violations of federal laws, including violations of Title 18 of the United States Code, Sections 1341, 1343, 1956, and 1957. I received criminal investigative training at the James J. Rowley Secret Service Training Center in Beltsville, Maryland, pertaining to criminal investigations of counterfeit currency, bank fraud, money laundering, wire fraud, mail fraud, access device fraud, and identity theft. I am an investigative law enforcement officer of the United States, in that I am empowered by law to conduct investigations and to make

1

arrests for felony offenses, under authority of Title 18, United States Code, Section 3056.

3.     As set forth herein, I submit that probable cause exists to believe that the funds maintained in the TARGET ACCOUNT are subject to seizure and civil and criminal forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343 (wire fraud).

4.     This affidavit is based upon information I obtained from my investigation, as well as information furnished to me by other law enforcement officers. This affidavit also contains information that I learned from discussions with bank officials at J.P. Morgan Chase Bank, Synovus Bank, and US Bank. It also contains information that I learned from discussions with victims of fraud.

5.     In preparing this affidavit, I have consulted with USSS Contract Fraud Investigator Betty Stewart (CFI Stewart). Prior to becoming a contractor with the USSS, CFI Stewart was employed as a special agent with Internal Revenue Service-Criminal Investigation for 26 years.

6.     Unless otherwise noted, where in this affidavit I assert that a statement was made, the information was provided by other agents or bank investigators with whom I have spoken or whose reports I have read and reviewed. Such statements are not reported in their entirety, unless otherwise indicated.

7.  Because this affidavit is being submitted for the limited purpose of seeking the requested seizure warrant, I have not set forth each and every fact learned during the course of the investigation, nor is this affidavit intended to be a complete and detailed description of all the events and/or conversations occurring during the course of the investigations of the matters described herein. Facts not set forth herein are not being relied upon in reaching my conclusion that a warrant should be issued, nor do I request that the Court rely upon any facts not set forth herein in reviewing this affidavit.

## II. FEDERAL STATUTES

8.  Title 18 U.S.C. § 1343 (Wire Fraud) states, in part, that "whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

9.  Title 18 U.S.C. § 981(a)(1)(C) (Civil Forfeiture) authorizes the forfeiture to the United States of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of…any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

10. Title 18 U.S.C. § 982(a)(2)(A) (Criminal Forfeiture) authorizes forfeiture to the United States of any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of a violation of section 1343.

11. Title 18, United States Code, Section 982(b)(1) authorizes the issuance of a criminal seizure warrant under Title 21, United States Code, Section 853(f) when the Court "determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that [a protective] order under [21 U.S.C. Section 853(e)] may not be sufficient to assure the availability of the property for forfeiture."

12. Pursuant to 18 U.S.C. § 981(b)(3), "a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found[.]"

13. Title 28, United States Code, Section 1355(b)(1) states that "A forfeiture action or proceeding may be brought in (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title [28 U.S.C. § 1395] or any other statute."

14. Title 28, United States Code, Section 1395(b) states that "[a] civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found." Subsection (c) of Title 28, United States Code states that "[a] civil

4

proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought."

15. For the reasons described below, I submit that a protective order under Section 853(e) would not be sufficient to assure that the funds maintained in the TARGET ACCOUNT will remain available for forfeiture.

16. I further submit that there is a substantial risk that the funds maintained in the TARGET ACCOUNT will be moved, hidden, devalued, or otherwise become unavailable for government recovery unless immediate steps are taken to secure them at the time the requested seizure is executed, as the contents of the account are inherently portable.

## II. STATEMENT OF PROBABLE CAUSE

### Investigation Background

17. On or about July 22, 2024, the USSS/Atlanta Field Office ("USSS/ATL") began investigating Katrina Gratton / Everett Treasures LLC and other known and unknown individuals for violations of Title 18, United States Code, Sections 1343 (wire fraud), 1344 (bank fraud), 1956 (money laundering) involving, among other things, a Business Email Compromise scheme.

18. A Business Email Compromise scheme ("BEC") is a sophisticated scam targeting businesses that regularly perform wire transfer payments. The scam is carried out by compromising a legitimate business's email accounts through social

5

engineering or computer intrusion techniques to conduct unauthorized transfers of funds.

### Victim #1 - Divvy Reimbursements

19. From discussions with a J.P. Morgan Chase investigator and the review of bank records, it was determined that an entity named Divvy Reimbursements was a victim of ACH bill payment fraud.

20. A review of the bank records for J.P. Mogan Chase account number 595980981 in the name of Everett Treasures LLC revealed that on June 12, 2024, this account received a $196,564.30 payment from Bill.com entity Divvy Reimbursements, addressed to intended payee R.S. The payment was subsequently reported as fraudulent by Bill.com. Bill.com indicated that a bad actor got into their system and created a fraudulent account.

21. The bank records also revealed that after receiving the fraudulent $196,564.30 payment on June 12, 2024, Gratton immediately transferred $195,000.00 to TARGET ACCOUNT, her personal account. On June 13, 2024, Gratton wired $191,000.00 from TARGET ACCOUNT to a cryptocurrency account at Community FSB.

### Victim #2 - RLR Industries, INC

22. On July 22, 2024, USSS/ATL, received information regarding a BEC victim, RLR Industries, Inc ("RLR Industries"), based in Mableton, Georgia. USSS Special Agent Derrell Griggs spoke to C.A., the AP Manager of RLR Industries.

23. C.A. advised that RLR Industries sent the following payments to J.P. Mogan Chase account number 595980981 on the following dates, believing they were paying invoices to vendor, Plaskolite LLC:

- 6/14/2024 - $78,975.00
- 7/12/2024 - $20,713.19

24. According to C.A., RLR Industries had received an email from a bad actor pretending to be a representative from Plaskolite LLC. The bad actor was able to access internal emails of Plaskolite LLC and sent emails from within their servers. The bad actor used the email address ian.gertmenian@plaskolite.com to communicate with RLR Industries. This email address belongs to I.G., a sales representative for Plaskolite LLC. The bad actor did not make any changes to I.G.'s email address. The bad actor was able to set rules on I.G.'s email account that prevented I.G. from getting or receiving emails. The bad actor, purporting to be I.G., sent RLR Industries an email stating they had changed their bank account for deposits. The bad actor then proceeded to send emails to RLR Industries, referencing legitimate invoices but providing fraudulent wiring instructions (i.e., instructing RLR Industries to wire payments to the bad actor's bank account rather than that of the real vendor). RLR Industries made these payments to the bad actor. C.A. stated that, based on the bank account information provided by the bad actor, all the fraudulent funds were deposited into J. P. Morgan Chase Bank account number 595980981.

25.     RLR Industries realized that it had been defrauded after speaking with the real vendor via email and on the phone about delinquent payments, days after the second invoice payment was sent.

### Victim # 3 - Agency For The Performing Arts Inc.

26.     Agency For The Performing Arts Inc., is an US Bank customer. From discussions with an US Bank investigator and the review of J. P. Morgan Chase bank records, it was determined that the Agency For The Performing Arts Inc., was also a victim of BEC fraud.

27.     Per US Bank, one (1) ACH payment totaling $24,000.00 was negotiated against Agency For The Performing Arts Inc.'s account number 7218. The receiving bank account for this transaction was Everett Treasures LLC account 595980981 at J. P. Morgan Chase Bank.

28.     According to the Director of Finance for Agency For The Performing Arts Inc., they believed they were in email communication with promoter J. W. of Johnson Marketing and was unaware they were communicating with a bad actor. The Agency For The Performing Arts Inc. needed to refund $24,000 to J. W. of Johnson Marketing because of a show cancellation.

29.     The bad actor purporting to be J.W. sent the Agency For The Performing Arts Inc. an email with the fraudulent routing and account numbers for the ACH transaction.

30. Based on the banking information received, the Agency For The Performing Arts Inc., remitted $24,000 to Everett Treasures LLC account 595980981 at J. P. Morgan Chase Bank on July 18, 2024.

31. The Agency For The Performing Arts Inc., discovered the fraud when the real J.W. contacted them regarding the payment. Through J.W.'s investigation, it was determined that the bad actor had hacked J.W.'s email account and set rules so J.W. would not receive any of the email communication between the bad actor and the Agency For The Performing Arts Inc.

### J. P. Mogan Chase Account No. 595980981

32. The investigation revealed that J. P. Mogan Chase Account No. 0981 is titled to Everett Treasures LLC, and Katrina Gratton ("Gratton") is the sole authorized signer on the account.

33. Bill.com entity Divvy Reimbursements contacted J.P. Morgan Chase regarding the 6/12/2024 payment of $196,564.30 from Bill.com to J.P. Morgan Chase Account No. 0981. The balance of J. P. Mogan Chase Account No. 0981 before this payment was $1.13. The same day the payment credited to J. P. Mogan Chase Account No. 0981, $195,000.00 was transferred to TARGET ACCOUNT. On June 13, 2024, Gratton wired $191,000.00 from TARGET ACCOUNT to a cryptocurrency account at Community FSB.

34. RLR Industries' bank (Synovus Bank) contacted JPM Chase Bank about the two payments from RLR Industries to J. P. Mogan Chase Account No. 0981 (the

9

6/14/2024 payment of $78,975.00 and the 7/12/2024 payment of $20,713.19). The balance of the account before the $78,975.00 payment was $1,213.78. The same day the payment credited to J. P. Mogan Chase Account No. 0981, $78,900.00 was transferred to TARGET ACCOUNT. Once the $78,900.00 payment credited to TARGET ACCOUNT, $9,300.00 was spent in cash apps payments and $70,000 was wired to Customers Bank for the purchase of cryptocurrency.

35. The balance of the J. P. Mogan Chase Account No. 0981 before the $20,713.19 payment was $24.29. On July 15, 2024, days after the payment credited to the J. P. Mogan Chase Account No. 0981, $20,300.00 was transferred to TARGET ACCOUNT. Once the $20,300.00 credited to TARGET ACCOUNT, $1,000.00 was spent in cash apps payments and two wires totaling $19,400.00 was wired to Gratton's Bank of America Account No. 305010319965. Bank of America was contacted however, those funds were depleted from the account.

36. US Bank, bank of Agency For The Performing Arts Inc., contacted J.P. Morgan Chase regarding the 7/19/2024 payment of $24,000.00 from Agency For The Performing Arts Inc. to J. P. Mogan Chase Account No. 0981. The balance of J. P. Mogan Chase Account No. 0981 before the $24,000.00 payment was $48.55. The same day the payment credited to J. P. Mogan Chase Account No. 0981, $23,400.00 was transferred to TARGET ACCOUNT. Once the $23,400.00 credited to the account, $23,400.00 was wired to Gemini Trust Company, LLC to purchase cryptocurrency.

37. On July 22, 2024, the $23,400.00 wire was declined by Gemini Trust Company, LLC and was returned to TARGET ACCOUNT.

38. Based on its communications with Synovus Banks, US Bank, J.P. Morgan Chase, and subsequent investigation, J.P. Morgan Chase Bank determined that the two payments from RLR Industries, the one payment from Divvy Reimbursements, and the one payment from Agency For The Performing Arts Inc., were the result of fraud.

### Target Account

39. On or about April 9, 2024, TARGET ACCOUNT was opened in the name of Katrina Dawn Ashley Gratton at a J.P. Morgan Chase Bank branch in Tulsa, Oklahoma. From the review of J.P. Morgan Chase Bank records, Gratton is located in Sand Springs, Oklahoma. Also, from reviewing the bank records, Gratton is the sole owner and authorized signer on the account.

40. TARGET ACCOUNT appears to have been established to receive fraudulent funds first remitted to the business account, Everett Treasures LLC. The funds are then transferred from J. P. Mogan Chase Account No. 0981 to TARGET ACCOUNT.

41. TARGET ACCOUNT received the following transfers from J. P. Mogan Chase Account No. 0981:

| Date | Amount | Source | Victim |
|---|---|---|---|
| 6/12/2024 | $195,000.00 | ACH Fraud | Divvy Reimbursements |
| 6/14/2024 | 7,900.00 | BEC | RLR Industries |
| 6/14/2024 | $71,000.00 | BEC | RLR Industries |
| 7/15/2024 | $20,300.00 | BEC | RLR Industries |
| 7/19/2024 | $23,400.00 | BEC | Agency For The Performing Arts Inc. |

42. As discussed above, the sources of all the transfers to TARGET ACCCOUNT were fraudulent. Due to the fraud associated with J. P. Mogan Chase Account No. 0981 and TARGET ACCOUNT, J.P. Morgan Chase closed both accounts on December 27, 2024. J. P. Mogan Chase Account No. 0981 had a negative balance and TARGET ACCOUNT had a balance of $23,440.44. These funds were taken out of TARGET ACCOUNT and placed in J.P. Morgan Chase suspense account.

### III. CONCLUSION

43. Based on the above facts and circumstances set forth in this affidavit, I submit that probable cause exists to believe that all funds up to $23,440.44 maintained in the J.P. Morgan Chase Bank suspense account, formerly held in the J.P. Morgan Chase Bank account with account number 595971279 in the name of Katrina Dawn Ashley Gratton (TARGET ACCOUNT) are subject to seizure and civil and criminal forfeiture to the United States pursuant to Title 18, United States Code, Sections

12

981(a)(1)(C) and 982(a)(2)(A) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343 (wire fraud).

Further, Affiant sayeth not.

*Jessica Horvath*
_____
JESSICA NICOLE HORVATH
Special Agent
United States Secret Service

Sworn by phone this 20th day of February, 2025.

_____
Mark T. Steele
United States Magistrate Judge

13